# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | **99 C 1368** | Date | August 24, 2001 |
| Case Title | U S A ex rel Rodney Cooks  v   Roger Cowan, Warden | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  Filed motion of [use listing in "MOTION" box above]

(2)  Brief in support of motion due _____

(3)  Answer brief to motion due _____ Reply to answer brief due _____

(4)  ☐ Ruling / ☐ Hearing   on _____ set for _____ at _____

(5) ☒  Status hearing ☐ held ☐ continued to ☒ set for ☐ re-set for  11/7/01  at  9:00

(6)  Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7)  Trial ☐ Set for ☐ re-set for _____ at _____

(8)  ☐ Bench Trial ☐ Jury Trial ☐ Hearing   held and continued to _____ at _____

(9)  This case is dismissed ☐ without ☐ with   prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry]   Memorandum opinion and order entered.
Accordingly,  respondent's motion to dismiss is denied.

(11) ☒ [For further detail see] ☐ order on the reverse of ☒ order attached to   the original minute order form.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | |
| ☒ Notices mailed by judge's staff. | |
| Notified counsel by telephone. | |
| Docketing to mail notices. | |
| Mail AO 450 form. | |
| Copy to judge/magistrate Judge. | |

EP-7
FILED FOR DOCKETING  AUG 2 7 2001
01 AUG 24 PM 3: 58

courtroom deputy's Initials

Date/time received in central Clerk's Office

number of notices
date docketed
docketing dpty. initials
date mailed notice
mailing dpty. initials

Document #
18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

AUG 2 7 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| RODNEY COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.    99 C 1368 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ROGER COWAN, Warden of Menard | ) | |
| Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Rodney Cooks has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. §2254.  Respondent[1] has filed a motion to dismiss the petition as time-barred by the

Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),  28 U.S.C. §2244(d).

For the reasons explained below, respondent's motion is denied.

## DISCUSSION

Petitioner filed the instant petition on March 1, 1999.  Under §2244(d) of the AEDPA,

petitioner had one year from the date on which the judgment against him became final by the

conclusion of direct review, or the expiration of time for seeking such review, in which to file the

instant petition.  In order to determine whether petitioner met that deadline, the court must first

---

[1] Petitioner originally named "Hill (Galesburg C.C.)" as respondent.  On June 15, 1999, the court *sua sponte* named the Warden of Hill Correctional Center, at the time Mark A Pierson, as respondent.  Since that time, however, petitioner moved to Menard Correctional Center.  As a result, pursuant to Rule 2(a) of the Rules Governing §2254 cases in the United States District Courts, Warden Roger Cowan of the Menard Correctional Center is hereby substituted as respondent.

1

determine when petitioner's one-year clock began ticking.

Petitioner was convicted of murder and attempted murder and sentenced to concurrent terms of 50 and 30 years imprisonment on December 15, 1993. Thereafter, petitioner appealed his conviction and sentence, and both were affirmed by the Illinois Appellate Court on September 3, 1996. See People v. Cooks, 707 N.E.2d 294 (Ill. App. Ct. 1st Dist. 1996). Petitioner then sought leave to appeal to the Illinois Supreme Court, but his request was denied on December 4, 1996. See People v. Cooks, 675 N.E.2d 635 (Ill. 1996). Following that date, petitioner had ninety days in which to file a petition for writ of certiorari in the United States Supreme Court. Because petitioner chose not to seek certiorari, his direct review in the instant case became final on March 4, 1997 (ninety days after December 4, 1996). See Boggan v. Chrans, 2000 U.S. Dist. LEXIS 17935, *6, 2000 WL 1810035, *2 (N.D. Ill. Dec. 6, 2000) (adding the ninety-day period in which the petitioner could have sought certiorari from the Supreme Court to the conclusion of his direct review period); United States ex rel. Williams v. DeTella, 37 F. Supp. 2d 1048, 1048 (N.D. Ill. 1998) (same); United States ex rel. Gonzalez v. DeTella, 6 F. Supp. 2d 780, 781-82 (N.D. Ill. 1998) (same), rev'd on other grounds, 202 F.3d 273 (7th Cir. 1999).

Thus, petitioner's one-year clock began ticking on March 4, 1997, and was clearly out of time by March 1, 1999, when petitioner filed the instant petition. Under §2244(d)(2) of the AEDPA, however, the court must exclude the time "during which a properly filed application for State post-conviction . . . review . . . is pending." Petitioner did file an application for post-conviction review in Illinois state court, which was pending from April 28, 1997, until March 12, 1999. Consequently, the question before the court is whether petitioner's Illinois post-conviction

application was "properly filed"; if it was, the one year period under §2244(d) is "tolled" for the duration of petitioner's state proceedings, making his federal habeas petition timely.

Petitioner's initial post-conviction application for relief was dismissed *sua sponte* by the Circuit Court of Cook County on June 20, 1997, less than two months after it was filed. In dismissing the petition, the circuit court acted within its authority under 725 ILCS §5/122-2.1(a)(2), which allows the circuit court to dismiss post-conviction petitions that are "frivolous or . . . patently without merit" within 90 days of their filing, by written order that specifies "the findings of fact and conclusions of law it made in reaching its decision." In its Order, the circuit court addressed the timeliness of petitioner's application pursuant to 725 ILCS §5/122-1, noting that effective January 1, 1996, that section read:

> No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.[2]

Under §5/122-1, the circuit court concluded, petitioner should have filed his post-conviction petition by December 15, 1996, three years from the date of his conviction. Instead, petitioner did not file his post-conviction petition until April 28, 1997, "over four months beyond the statutory period." People v. Cooks, No. 92-CR-25255, slip op. at 9 (June 20, 1997). The circuit court further noted that petitioner "failed to allege any facts showing that his delay in filing the petition was not due to his culpable negligence." Id. Based on all this, the circuit court

---

[2] Pursuant to People v. Bates, 529 N.E. 2d 227 (1988), the change in §5/122-1 that became effective January 1, 1996, is applied retroactively to petitioner.

3

found petitioner's application time-barred.[3] Id.

In addition to this finding, the circuit court went on to thoroughly address each of petitioner's arguments in his post-conviction application for relief. Id. at 9-13. For example, the circuit court addressed petitioner's claims of ineffective assistance of trial counsel and found them to be "without merit," lacking in support, and "groundless" based on the trial record. Id. at 10-12. The circuit court also found petitioner's ineffective assistance of pre-trial counsel claim to be "without merit." Id. at 13. Consequently, the circuit court concluded that petitioner's claims are "frivolous and patently without merit."[4] Id.

Petitioner appealed the circuit court's judgment and was represented in his appeal by a public defender from Cook County. Petitioner's counsel filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), however. The motion seeks leave to withdraw on the following bases:

---

[3] More accurately, the circuit court held that the time limitation in 725 ILCS 5/122-1 is jurisdictional, and that, because petitioner did not file his post-conviction petition within the time allotted under §122-1, the circuit court lacked jurisdiction. Since the circuit court's decision in petitioner's case, however, the Illinois Supreme Court has held that §122-1 is a statute of limitation rather than a statute conferring jurisdiction. See People v. Wright, 723 N.E.2d 230, 234-36 (Ill. 1999). Thus, there is no question that the circuit court had subject matter jurisdiction over petitioner's state post-conviction petition.

[4] It is not clear whether the circuit court's ruling on the merits was meant to be a ruling in the alternative. The circuit court began its discussion on the merits by stating that, "[e]ven if these proceedings had been timely commenced, defendant's position here would not be much improved." Id. at 9. This language appears to set forth an alternative ground for the court's ruling. The circuit court's conclusion, on the other hand, indicates that the dismissal is based equally on the court's finding that the application is time-barred and also its finding that his claims in the application lack merit. The court concluded: "Based on the foregoing discussion, the court finds that it lacks jurisdiction in this case. The court also finds that the matters raised by defendant are frivolous and patently without merit. Accordingly, the petition for post-conviction relief shall be and is hereby dismissed." Id. at 13. Thus, it appears that the circuit court's ruling was based on both the application's untimeliness and lack of merit.

The petition was not timely filed (3 years from the date of sentence or 6 months from the end of direct appeal, whichever is sooner). Moreover, the petition does not set forth the gist of a constitutional claim. See People v. Mendez, 221 Ill.App.3d 868, 873 (1991). Therefore, there are no appealable issues in the case. See Pennsylvania v. Finley, 481, U.S. 551 (1987). (Emphasis in original.)

On March 12, 1999, the Illinois appellate court issued an Order granting the public defender's motion to withdraw and affirming the dismissal of petitioner's post-conviction petition. The Order states:

Defendant Rodney Cooks appeals from the summary dismissal of his pro se post-conviction petition, which sought to overturn his convictions for first degree murder and attempted murder, for which he received concurrent prison terms of 50 years and 30 years, respectively. These convictions and sentences were affirmed on direct appeal. People v. Cooks, No. 1-94-0913 (1996) (unpublished order under Supreme Court Rule 23). The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel. A brief in support of the motion has been submitted pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), in which counsel states that there are no appealable issues in the case.

We have carefully reviewed the record in this case and the aforesaid brief in compliance with the mandate of Pennsylvania v. Finley and find no issues of arguable merit. Therefore, the motion of the public defender for leave to withdraw as counsel is allowed, and the judgment of the circuit court of Cook County is affirmed.

Returning to the question of whether petitioner's post-conviction petition was "properly filed," respondent argues that untimely post-conviction petitions do not fit within the definition of "properly filed" petitions, as least as far as the Seventh Circuit has interpreted that term. To support this argument, respondent cites Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000), and quotes the test set forth therein:

Whether a collateral attack is "properly filed" can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed.

Unfortunately, the determination required in the instant case cannot be reached simply by applying the Freeman test. As set forth above, both the circuit court and appellate court considered and commented on the merits of petitioner's post-conviction application, indicating under Freeman that it was indeed properly filed. On the other hand, the Illinois circuit court also dismissed petitioner's application as untimely, and the appellate court affirmed that dismissal, arguably supporting respondent's conclusion that petitioner's application was therefore not properly filed under Freeman. Thus, applying Freeman's objective test does not lead to a dispositive result in the instant case. There is also an important distinction between the facts in Freeman and those presented in the instant case. As the Seventh Circuit noted, the district judge in Freeman held that the petitioner's application was not properly filed in that case, "because the state court judges did not address Freeman's petition on the merits, but instead dismissed it as untimely under Illinois law." Freeman, 208 F.3d at 574. Conversely, in the instant case both of the Illinois state courts that reviewed petitioner's post-conviction application addressed its merits. Thus, the court must go beyond Freeman to decide the issue raised by the instant motion.

The United States Supreme Court tackled a variation of this issue about ten months ago in the case of Artuz v. Bennett, 531 U.S. 4 (2000). In Artuz, the Court explained that an application for state post-conviction review is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." 531 U.S. at 8. The Court then added that an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. Such laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. At first glance, this

6

language appears to indicate that an application for state post-conviction relief that does not adhere to the time limits fixed upon delivery is not considered "properly filed" under 28 U.S.C. §2244(d). But the result may differ when the state statute sets forth exceptions to the time limit fixed upon delivery. Is a late application that meets one of these exceptions not "properly filed?" What about a late application that does not meet one of the exceptions? The Supreme Court explicitly declined to answer these questions in Artuz; instead, the Court inserted a footnote after the word "delivery" in the sentence quoted above and declared: "We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 8-9 (citing Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000)).

Since the Supreme Court decided Artuz (and since respondent filed the instant motion), the Seventh Circuit has revisited the path tread by Freeman. In Rice v. Bowen, ___ F.3d ___, 2001 U.S. App. LEXIS 14842, 2001 WL 741712 (7th Cir. June 27, 2001), the Seventh Circuit was presented with a petitioner who, like the petitioner in the instant case, filed his Illinois post-conviction application more than three years after his initial conviction. Also like petitioner, the petitioner in Rice failed to allege facts showing that the delay was not due to his culpable negligence pursuant to the requirement set forth in 725 ILCS §5/122-1. Id. at *4. Unlike the instant case, however, the state court in Rice did not address the untimeliness of the petitioner's application, dismissing it instead wholly on its merits pursuant to 725 ILCS §5/122-2.1(a)(2). Id. It was only on appeal that the state argued that the application submitted by the petitioner in Rice was untimely. Id. Thereafter, the appellate court affirmed the circuit court's dismissal of the petition on its merits and held alternatively that the petition was untimely. Id. As in the instant

case, the state moved to dismiss the petitioner's federal habeas petition due to untimeliness under §2244(d) of the AEDPA, arguing that the petitioner's one-year time limit should not be tolled during his state post-conviction proceedings because his application for relief in state court was not "properly filed" due to its untimeliness under 725 ILCS §5/122-1. See United States ex rel. Rice v. Haws, 2000 U.S. Dist. LEXIS 16425 (N.D. Ill. Sept. 29, 2000). The district court agreed. Id.

The Seventh Circuit reversed, however, concluding that the petitioner's state post-conviction application was indeed "properly filed" under §2244 of the AEDPA. Rice, 2001 U.S. App. LEXIS 14842, at *7-9. In so holding, the Seventh Circuit compared its ruling to a prior case it decided and then followed the same course taken by the Fifth and Ninth Circuits in similar cases. Both of the bases employed by the court in Rice compel this court's denial of the instant motion to dismiss petitioner's habeas petition.

First, the Seventh Circuit compared Rice to its earlier decision in Jenkins v. Nelson, 157 F.3d 485, 491 (7th Cir. 1998). See Rice, 2001 U.S. App. LEXIS 14842, at *8. Notably, the Jenkins court relied on the Supreme Court's decision in Harris v. Reed, 489 U.S. 255 (1989). 157 F.3d at 491[5]. As the Jenkins court explained, Harris stands for the proposition that "a state procedural default does not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar," Jenkins, 157 F.3d at 491 (citing Harris, 489 U.S. at 263) (internal quotations and citations omitted). Based on this firmly rooted principle, the Jenkins court noted

---

[5] To the extent that the Rice court also invited comparison to Jenkins based on the discussion therein of Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977), that comparison is equally applicable to the instant case. See Jenkins, 157 F.3d at 491.

8

that the "state appellate decision in Jenkins' case does not include an express statement detailing its reliance on procedural default, nor does it state that the court is reaching the merits of Jenkins' claim only in the alternative" and that "[g]iven this lack of a clear statement of intent by the state court, we conclude that Jenkins' felony murder instruction claim is not procedurally barred." Id. at 491. In comparison, the Seventh Circuit in Rice noted that the state court dismissed the petitioner's application on the merits and that the appellate court's determination that the application was untimely was merely an alternative for its ruling. Following this comparison, the Rice court concluded that "Rice's post-conviction petition was therefore properly filed for tolling purposes."[6]

The Seventh Circuit's comparison of Jenkins to Rice is applicable to the instant case. Like the appellate court in Rice, the appellate court in the instant case did not clearly state that its decision rested on the tardiness of petitioner's application. Instead, the appellate court in the instant case noted that the public defender filed a motion to withdraw pursuant to Pennsylvania v. Finley and then stated that upon careful review of the record, it found "no issues of arguable merit" in petitioner's application. This ruling can hardly be construed as a clear indication that the appellate court was affirming the dismissal of petitioner's application based on its untimeliness.

Though respondent filed the instant motion prior to the Seventh Circuit's decision in

---

[6] Likening the failure to bring a timely state post-conviction petition to other procedural bars to bringing federal habeas petitions, it follows that, to be effective, such a bar would necessarily have to follow the Supreme Court's pronouncement in Harris v. Reed; that is, unless the highest state court to address a petitioner's application for post-conviction relief clearly stated that its ruling rested on the untimeliness of the application, the fact of untimeliness could not operate as a procedural bar to the petitioner's federal habeas petition. See 489 U.S. at 263.

Rice, respondent makes an argument in his motion that is applicable here. Respondent asserts that the appellate court's statements that "we have carefully reviewed the record in this case" and "[we] find no issues of arguable merit" should be construed as a ruling based on the untimeliness of petitioner's state post-conviction application. Respondent asserts: "We believe that by granting the Public Defender's Motion to Withdraw, the Appellate Court implicitly found the petition untimely." To support his argument, respondent claims that "Appellate Courts routinely use standard phrases like the ones above without necessarily meaning that they have reviewed the merits." The court disagrees. If the appellate court intended to rest its ruling on the untimeliness of petitioner's application, it would have said as much; instead, it unambiguously stated that it found "no issues of arguable merit." See Rogers-Bey v. Lane, 896 F.2d 279, 282 (7th Cir. 1990) (emphasizing that, under Harris, "We no longer second guess the state court's intentions--the language must be clear").

Returning to Rice, after comparing its ruling to the discussion of procedural bars in Jenkins, the Seventh Circuit joined the Fifth and Ninth Circuits in holding that, "if a state's rule governing the timely commencement of post-conviction proceedings contains exceptions requiring courts to examine the merits of the petition before dismissing it, the petition, even if ultimately held to be time-barred, should be regarded as properly filed." Rice, 2001 U.S. App. LEXIS 14842 at *8-9 (citing Dictado v. Ducharme, 244 F.3d 724, 727-28 (9th Cir. 2001); Emerson v. Johnson, 243 F.3d 931, 935 (5th Cir. 2001); Smith v. Ward, 209 F.3d 383, 385 (5th

Cir. 2000)).[7] Accordingly, the Seventh Circuit went on to note that "Illinois provides a statutory exception to its post-conviction time limitation if "the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." Rice, 2001 U.S. App. LEXIS 14842 at *9 (citing 725 ILCS 5/122-1(c)). Hence, the Rice court noted: "Under the circumstances the state courts had to consider the merits of Rice's petition before determining whether it was timely." 2001 U.S. App. LEXIS 14842 at *9. The Rice court also noted that 725 ILCS §5/122-2.1(a)(2) directs Illinois courts "summarily to dismiss frivolous or patently meritless post-conviction petitions," and that frivolousness is a merits determination. Id.

Applying the holding in Rice to the instant case, because 725 ILCS §§5/122-1(c) and 5/122-2.1(a)(2) require Illinois circuit courts to consider the merits of applications for post-conviction relief before dismissing them, applications such as petitioner's, even if ultimately held to be time-barred, are still considered to be "properly filed" under §2244(d) of the AEDPA. As was true in Rice, there is no doubt in the instant case that the Illinois circuit and appellate courts addressed petitioner's application on its merits. Thus, the period during which petitioner's state post-conviction petition was pending—April 28, 1997, to March 12, 1999—is tolled under §2244(d) of the AEDPA, making the instant habeas petition timely.[8]

---

[7] This was the ruling on which the Supreme Court explicitly declined to comment in Artuz. 531 U.S. 4, 8-9 n.2 (declining to express a view "on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed") (citing, inter alia, Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000)).

[8] The same outcome would result under Jefferson v. Welborn, 222 F.3d 286 (7th Cir. 2000), although that case is not as factually similar to the instant case as Rice. In Jefferson the Seventh Circuit was faced with two rulings by the Illinois Supreme Court; the first ruling was based on the timeliness of the filing and the second was based on its merits. 222 F.3d at 287. The Jefferson court quoted the Freeman test and then held: "Here, in the sense that matters, the Illinois Supreme Court considered Jefferson's claims 'on the merits'; hence, it was 'properly filed' for purposes of §2244(d)(2)." Id. at 289.

## CONCLUSION

For the reasons explained above, the court finds petitioner's habeas petition to be filed within the one-year limitation under §2244(d) of the AEDPA. Respondent's motion to dismiss is accordingly denied. The court will appoint counsel for petitioner from the Trial Bar panel. This matter is set for a report on status November 7, 2001, at 9:00a.m.

**ENTER:**     **August 24, 2001**

Robert W. Gettleman
**United States District Judge**